IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN SONG and <br> THU N. LE, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 2:12-cv-0310 |
| v. | ) <br> ) | Judge Savage |
| UNITED STATES OF AMERICA, <br> *et al.*, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
GOVERNMENT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONSES**

Defendants United States of America, Commissioner of Internal Revenue, and Revenue Agent Stephen McCarrick, through undersigned counsel, respectfully move this Court for an order dismissing plaintiffs' petition to quash.

**STATEMENT OF THE CASE**

Revenue Agent Stephen McCarrick issued four administrative summonses -- one for each plaintiff to American Express and American Honda Finance Corporation -- as part of his effort to collect plaintiffs' outstanding 2008 Federal individual income tax liability.

Plaintiffs have filed a petition to quash the summonses, alleging that plaintiffs did not receive notice of the summonses and that the summonses were issued for an improper purpose, namely, to gather information as a part of a criminal investigation.

## STATEMENT OF FACTS

1.Plaintiffs have an assessed, outstanding Federal income tax liability for 2008.  (Govt. Ex. 1; McCarrick Decl. ¶ 3.)

2.On August 6, 2011, Revenue Agent Stephen McCarrick was assigned to collect plaintiffs' 2008 Federal income tax liability.  (McCarrick Decl. ¶ 3.)

3.On December 5, 2011, Revenue Agent McCarrick, as a part of his collection efforts, issued IRS administrative summonses to American Honda Finance Corporation ("AHFC") and American Express ("AMEX").  The summonses directed AHFC and AMEX to appear on January 6, 2012 to give testimony and produce certain records.  (McCarrick Decl. ¶¶ 5-8, Exs. A & B.)

4.On January 4, 2012, Revenue Agent McCarrick, as a part of his collection efforts, issued IRS administrative summonses to American Honda Finance Corporation ("AHFC") and American Express ("AMEX").  The summonses directed AHFC and AMEX to appear on February 4, 2012 to give testimony and produce certain records. (McCarrick Decl. ¶¶ 9-12, Exs. C & D.)

5.The records sought by the summons are not already in the possession of the Internal Revenue Service.  (McCarrick Decl. ¶ 13.)

6.The testimony and records sought by the summons may be relevant to the Service's collection efforts because they may reveal assets of plaintiffs which might be possible sources for collection.  (McCarrick Decl. ¶ 14.)

7.There is no referral, as defined by 26 U.S.C. § 7602(d)(2), in effect to the

Department of Justice with respect to plaintiffs for their 1978 Federal individual income tax liability. (McCarrick Decl. ¶ 15.)

8. All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed. (McCarrick Decl. ¶ 16.)

## ARGUMENT

### The Court lacks subject-matter jurisdiction.

As the sovereign, the United States cannot be sued without its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Once sovereign immunity has been waived, the suit must comply exactly with the terms of the statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980), *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs*, 791 F.2d 1129, 1131 (4th Cir. 1986); *Carelli v. IRS*, 668 F.2d 902, 904 (6th Cir. 1982); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981), *cert. denied*, 454 U.S. 1083 (1981). Any waiver of sovereign immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000).

The Internal Revenue Service's statutory duty and powers of investigation are stated in very broad terms in 26 U.S.C. § 7601. In examining the purpose of Section 7601, the Supreme Court has acknowledged that, given our tax system's reliance on self-reporting, some persons will try to outwit the system:

> Thus, § 7601 gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who may be liable' for taxes and § 7602 provides the power to 'examine any books, papers, records or other data which may be relevant . . . and to summon . . . any person having possession . . . of books of account . . . relevant or material to such inquiry.' Of necessity, the investigative authority so provided is not limited to situations in which there is probable cause, in the traditional sense, to believe that a violation of the tax law exists. United States v. Powell, 379 U.S. 48, 57 (1964). The purpose of the statutes is not to accuse, but to inquire. Although such investigations unquestionably involve some invasion of privacy, they are essential to our self-reporting system, and the alternatives could well involve far less agreeable invasions of house, business, and records.

*United States v. Bisceglia*, 420 U.S. 141, 145 (1975).

Further, the Supreme Court has explained that the power of the Internal Revenue Service to investigate does not depend on a case or controversy for power to get evidence; the Internal Revenue Service can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57 (1964) (*quoting United States v. Morton Salt Co.*, 338 U.S. 632, 643 (1950)).

The Internal Revenue Service is authorized to summon and "examine any books, papers, records, or other data which may be relevant or material" to a particular tax inquiry. *See* 26 U.S.C. § 7602; *United States v. Arthur Young & Co.*, 465 U.S. 805, 813 (1984); *Uhrig v. United States*, 592 F. Supp. 349, 353 (D. Md. 1984). In this case, the summonses show that the material being sought "may be relevant or material" to the collection of plaintiffs' outstanding tax liability for 2008. (McCarrick Decl. ¶ 14.)

The Internal Revenue Code provides special procedures when a summons is

-4-

issued to a third party. *See* 26 U.S.C. § 7609. These include providing the taxpayer with notice that a third-party summons has been issued and with the opportunity to challenge the summons by filing a petition to quash. 26 U.S.C. § 7609 (a), (b).

The same section of the Code providing these procedures, however, specifically states that it is not applicable to a summons "issued in aid of the collection of ...an assessment made...with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(I). Because the summonses involved here were issued to aid in the collection of their assessed and outstanding 2008 tax liability (McCarrick Decl. ¶¶ 3-14), there has been no waiver of sovereign immunity to permit plaintiffs to file a proceeding to quash, 26 U.S.C. § 7609(c)(2)(D)(I), and this action should be dismissed.

Further, section 7609(h)(1) provides that the district court in which the summoned person "resides or is found" shall have jurisdiction to entertain an otherwise proper petition to quash. This provision is a jurisdictional requirement, not a matter of venue. *Deal v. United States*, 759 F.2d 442, 444 (5th Cir. 1985); *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

Plaintiffs concede that these entities neither reside nor are found in this judicial district: "[T]he third-party record-keeper who received the Summons, who are AHFC and AMEX, are found in the State of Florida and Delaware respectively." (Pet. ¶ 2.) Specifically, the summonses here were directed to AHFC facilities in Newark, Delaware and Holyoke, Massachusetts, and AMEX facilities in Ft. Lauderdale, Florida

(McCarrick Decl. Exs. A-D), all of which are outside this district.[1]  Accordingly, the petition may be dismissed on these grounds as well.

Finally, the bulk of plaintiffs' pleading reads almost as if plaintiffs found a form version of a petition to quash and did not bother to tailor it to their particular situation or these particular summonses.  Despite their repeated references to a criminal investigation (*see e.g.* Pet. ¶¶ 5.A., 5.B., 5.C., 5.D., 5.F., 10, 12), there has been no referral to the Department of Justice (McCarrick Decl. ¶ 15) and the summonses were issued in an effort to collect an outstanding, assessed tax liability.  (McCarrick Decl. ¶¶3, 4, 5, 7, 9, 11, 14.)  The existence of collection activity removes the summonses from the notice requirements of section 6709.  26 U.S.C. § 7609(c)(2)(D)(I).  And, plaintiffs' Fourth Amendment rights are not implicated by summonses issued to third parties.  *United States v. Miller*, 425 U.S. 435, 440-44 (1976).

---

[1]  Even if AHFC and AMEX had branches in this district, it would be "irrelevant because 'section 7609(h)(1) is not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found.'" *Sarnowski v. United States*, 2005 Westlaw 4186809 (D.N.J. 2005), *quoting Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984).

## CONCLUSION

As there has been no waiver of sovereign immunity, plaintiffs' petition to quash should be denied.

Dated:	March 2, 2012.

                                      Respectfully submitted,

                                      JOHN A. DICICCO
                                      Principal Deputy Assistant Attorney General

                                      /s/ Gerald A. Role
                                      GERALD A. ROLE
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, D.C.  20044
                                      Phone: (202) 307-0461
                                      Fax: (202) 514-6866
                                      email: gerald.a.role@usdoj.gov

OF COUNSEL:

ZANE D. MEMEGER
United States Attorney